Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 8135 | **DATE** | 3/26/2001 |
| **CASE TITLE** | FIRST INSURANCE FUNDING vs. FEDERAL INSURANCE CO. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Defendant, Federal's Motion To Dismiss is granted as to all counts. Plaintiff, First's complaint is dismissed in full with leave to replead within 14 days of the date of this order.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 27 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

FIRST INSURANCE FUNDING CORPORATION,    )
                                        )
    Plaintiff,                          )
                                        )
    v.                                  )  No. 00 C 8135
                                        )
FEDERAL INSURANCE COMPANY,              )  Judge John W. Darrah
                                        )
    Defendant.                          )

## MEMORANDUM OPINION AND ORDER

MAR 27 2001

Plaintiff, First Insurance Funding Corporation (First), filed suit against defendant, Federal Insurance Company (Federal), seeking declaratory judgment for indemnity of losses sustained by First and alleging breach of contract and vexatious and unreasonable conduct under the Illinois Insurance Code. Before the Court is defendant's Motion to Dismiss.

In ruling on a motion to dismiss, the Court must accept the events as specified in the complaint as true, and all ambiguities are construed in favor of the plaintiff. *Curtis v. Bembeneck*, 48 F.3d 281, 283 (7th Cir 1995) (*Curtis*). A complaint should be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957) (*Conley*). The complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory. *Banks v. National Collegiate Athletics Ass'n*, 977 F.2d 1081, 1093 (7th Cir. 1992).

First is a large insurance finance company that makes loans to business customers desiring to finance the expense of paying annual premiums for property and casualty insurance. These

business customers typically employ the services of an independent insurance agent or broker who first acts on the customer's behalf to procure the desired coverage from an insurance company and then arranges, on the customer's behalf, for premium finance loans to be made by First. The loans are documented in the form of a standardized Commercial Premium Finance Agreement and Disclosure Statement. To facilitate the loan application and procurement process, First makes blank finance agreement forms and a related computer software system available to the applicant business customer's broker.

Beginning in 1996, First provided funding for a significant volume of legitimate premium finance loans to Colesons Insurance Group's (Colesons) business customers. In the course of its business, Colesons used the premium forms and software provided by First. At some point, and continuing until August of 2000, without First's knowledge or suspicion, certain persons associated with Colesons engaged in a practice of submitting fraudulently altered premium finance agreements to First using forged signatures of purported customers seeking premium finance loans. In all instances, the premium finance forms bore the warranty of Colesons that the customer's signature was genuine. In addition, personnel used the computer software program provided by First and knowingly caused a fraudulent entry of data into First's computer system in order to obtain funds from First. In reliance upon the forged and fraudulent premium finance agreements submitted by Colesons' personnel, First authorized the disbursement of over $4.3 million from its bank accounts to Colesons. Immediately following discovery of the fraud, First vigorously pursued recovery of the funds.

In December of 1999, Federal issued Financial Institution Bond No. 81622009 (Bond), having applicable coverage limits of $15 million to Wintrust and its subsidiaries for losses due to

the extension of credit in reliance upon certain specified original forged documents. At all relevant times, First was insured under the Bond as a subsidiary of Wintrust. In August of 2000, First notified Federal of Coleson's alleged fraud and requested indemnification under the Bond. On November 9, 2000, Federal denied coverage based on its belief that the claims were for "bad loans", and coverage was excluded by the Bond.

Defendant challenges the sufficiency of First's complaint on several grounds. Federal argues that First's declaratory judgment is duplicative of its breach of contract case and that First has failed to satisfy coverage requirements of Clauses 4, 5, and 8 of the Bond. Accepting First's allegations as true and construing the allegations in the light most favorable to First, as required at this stage of litigation, establishes First can request declaratory relief and has sufficiently plead coverage under Clauses 4, 5, and 8 of the Bond.

Federal also argues that Section 3.m of the Bond excludes coverage for the fraud allegedly committed by Colesons. Section 3.m excludes coverage for any "loss caused by any agent, broker, commission merchant, independent contractor, intermediary, finder or other representative of the same general character of the assured." First does not contest that Colesons is a "finder" or "intermediary." First argues that Section 3.m should only be applied when the third party is in fact acting as the insured's finder or intermediary. First contends that because it does almost all of its business through a finder or intermediary, accepting Federal's interpretation of Section 3.m would render the coverage illusory, and such an interpretation could not have been within First's reasonable expectations.

First asks this Court to consider its method of operating its business when deciding how to apply Section 3.m as other courts have interpreted the term "advertising activity" in relation to

3

commercial liability policies. First cites to two cases in which the courts found that the term must be examined in the context of how the insured did its business, i.e., its advertising. *See Zurich Ins. Co. v. Sunclipse, Inc.*, 85 F.Supp.2d 842, 852-53 (N.D.Ill) (applying California law); *New Hampshire Ins. Co. v. Foxfire, Inc.*, 820 F.Supp. 489, 494 (N.D.Cal. 1993). However, in the cited cases, the term "advertising activity" was found to be undefined and ambiguous. Here, First does not allege that the terms "finder" or "intermediary" are ambiguous or that Colesons does not meet the terms' ordinary meanings. Furthermore, First was obviously familiar with its own operating method in this regard at the time it entered into the contract that contained the clause that specifically excludes coverage for loss incurred by such business conduct. First points to nothing in the contract that would have lead it to believe that the terms "finder" and "intermediary" meant anything other than their ordinary meanings or that the exclusion contained the caveat that the finder or intermediary must in fact be acting for the insured. *See Hermitage*, 816 F.Supp. at 1284 (courts should not interject terms into exclusions and clearly stated exclusions are given their full meaning and effect).

Federal argues that First's claim of bad faith denial pursuant to § 155 of the Illinois Insurance Code should be dismissed if the Court finds that First's claims are not covered under the Bond. First argues that it has sufficiently pleaded a claim under § 155 even if the Court dismisses the other two claims. However, under Illinois law, to recover under § 155, a party is required to make a preliminary showing of a legitimate claim for coverage. *Prisco Serena Sturm Architects v. Liberty Mut. Ins. Co.*, 126 F.3d 886, 894 (7th Cir. 1997); *United States v. Wapinski Real Estate*, 2000 WL 284299, No. 99 C 100 (N.D.Ill Mar. 6, 2000); *Hermitage Ins. Co. v. Action Marine, Inc.*, 816 F.Supp. 1280 1286 (N.D.Ill. 1993). Here, First does not have a legitimate claim for coverage

because it is excluded by Section 3.m of the Bond.

For the reasons stated herein, Federal's Motion to Dismiss is granted as to all counts. First's complaint is dismissed in full with leave to replead within 14 days of the date of this order.

Dated: MAR 2 6 2001

_____
JOHN W. DARRAH
United States District Judge