# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 8135 | **DATE** | 6/26/2001 |
| **CASE TITLE** | FIRST INSURANCE FUNDING CORP. vs. FEDERAL INSURANCE COMPANY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendant Federal Insurance Company's motion to dismiss is granted without prejudice as to all counts. Plaintiff is granted leave to file an amended complaint within 14 days of this order if plaintiff can do so consistent with its obligations under Fed.R.Civ.Proc.11. Status hearing held.

(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | JUN 27 2001 date docketed | |
| | Notified counsel by telephone. | | | 17 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | JUN 27 2001 date mailed notice | |
| LG | courtroom deputy's initials | 01 JUN 26 PM 7: 03 Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

FIRST INSURANCE FUNDING CORPORATION, )
)
Plaintiff, )
) No. 00 C 8135
v. )
) Judge John W. Darrah
FEDERAL INSURANCE COMPANY, )
)
Defendant. )

JUN 27 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff, First Insurance Funding Corporation (First), filed suit against defendant, Federal Insurance Company (Federal), seeking declaratory judgment for indemnity of losses sustained by First and alleging breach of contract and vexatious and unreasonable conduct under the Illinois Insurance Code. In March 2001, this Court dismissed First's complaint with leave to refile, finding that Section 3.m of the Financial Institution Bond (Bond) excluded coverage. *First Ins. Funding Corp. v. Federal Ins. Co.*, 2001 WL 293967 (N.D.Ill. Mar. 27, 2001) (*First*). First filed an amended complaint, and Federal filed a Motion to Dismiss, which is now pending before the Court.

In ruling on a motion to dismiss, the Court must accept the events as specified in the complaint as true, and all ambiguities are construed in favor of the plaintiff. *Curtis v. Bembeneck*, 48 F.3d 281, 283 (7th Cir 1995) (*Curtis*). A complaint should be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957) (*Conley*). The complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory. *Banks v. National*

*Collegiate Athletics Ass'n*, 977 F.2d 1081, 1093 (7th Cir. 1992). However, "[c]onclusory statements of law ... are not sufficient to defeat a motion to dismiss for failure to state a claim." *Northern Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995).

The factual basis of First's claims are fully set forth in the March 2001 Order and need not be repeated here. In the March 2001 Order, the Court noted that First did not contest that Colesons was a "finder" or "intermediary". Instead, First argued that Section 3.m should only be applied when the third party is in fact acting as the insured's finder or intermediary. The Court rejected First's argument, finding that First did not allege that the terms "finder" or "intermediary" were ambiguous or that Colesons does not meet the terms' ordinary meanings. The Court also noted that First was familiar with its own operating method when it entered into the contract that contained the exclusion clause, and First pointed to nothing that would have lead it to believe that the terms "finder" and "intermediary" meant anything other than their ordinary meaning or that the exclusion contained the caveat that the finder or intermediary must in fact be acting for the insured. *First*, 2001 WL 293967 at * 2.

First filed an amended complaint containing the same allegations as the first complaint and added the following paragraph:

> 18. Exclusion 3.m does not bar coverage for First's loss because:
>
> a. Colesons was not in fact acting as a "finder," "intermediary," or other representative of First in connection with the fraudulent "transactions," but was instead acting soley on its own behalf;
>
> b. the exclusion contains one or more ambiguities that must be resolved in favor of coverage;
>
> c. First never engaged, employed or contracted with Colesons to act as its "finder," "intermediary," or other representative for the purpose

2

of generating premium finance business for First. When a business customer request its broker's assistance in obtaining premium financing, the broker's approach typically involves contacting various premium finance companies in order to obtain a range of quotations for the customer's consideration. It was in that connection that Colesons was authorized to select First from among the vendors offering premium financing in Colesons' market.

First's initial "new" allegation is the same allegation First argued, and the Court disagreed with in the initial motion to dismiss. As the Court previously held, nothing in the contract demonstrates that the exclusion contained the caveat that the finder or intermediary must in fact be acting for the insured. Therefore, this "new" allegation fails to remove First's claim from the exclusion.

First also alleges that it properly pled that the exclusion contains one or more ambiguities that must be resolved in First's favor.

First argues that the fact that the exclusion includes no "caveat that the finder or intermediary must in fact be acting for the insured" (citing the March 2001 Order) and the circumstances in this case reveal a latent ambiguity stemming from such exclusion. First alleges that the latent ambiguity is that the Bond covers no misconduct by third-party firms and that such result could not comport with First's reasonable expectations.

"For the latent ambiguity doctrine to be applicable, the words or the terms in question must initially be susceptible of more than one possible meaning or description." *General Cas. v. Elam*, 8 Ill. App. 3d 215, 220 (Ill. 1972). "Courts must enforce an unambiguous contract by its plain meaning, even if the result limits the insured's coverage." *Schenkel & Schultz v. Homestead*, 119 F.3d 548, 550 (7th Cir. 1997).

Again, as previously found by this Court, First points to nothing in the contract that would

3

lead it to believe that the terms "finder" and "intermediary" meant anything than their ordinary meanings and that coverage for such transactions was excluded. First was familiar with its own operating methods and entered into a contract that excluded coverage for losses by such business conduct. The exclusion clearly sets forth what coverage is excluded. First may have intended that the policy not exclude conduct constituting fraud, but such intention was unreasonable in light of the policy's clear and ambiguous language and First's knowledge of its own business. One party's subjective unreasonable intent may not provide the basis for finding an ambiguity in an insurance policy. *Granite State Ins. Co. v. Degerlia*, 925 F.2d 189, 193 (7th Cir. 1991).

First also asserts that dismissal is improper because First properly pled that the exclusion does not apply because at no time did Colesons and its employees act as intermediaries or finders for First. In First's response to the first motion to dismiss, First conceded "that First conducts its premium lending business soley through outside firms that in legitimate transactions act as insurance agents or brokers in procuring financial coverage." Based on this concession, the Court previously found that First did not contest that Colesons was a finder or intermediary. First has not refuted the Court's conclusion but argues that Colesons was not an intermediary or finder by definition.

An intermediary is "[a] mediator or go between; a third-party negotiator ... Cf. FINDER." Black's Law Dictionary 820 (7th ed. 1999). A finder is "[a]n intermediary who brings together parties for a business opportunity, such as two companies for a merger, a borrower and a financial institution, or an issuer and an underwriter of securities." Black's Law Dictionary 646 (7th ed. 1999). First argues that Colesons could not be considered an intermediary because First never engaged, employed or contracted with Colesons to act on its behalf. However, as previously stated, First concedes that it conducts its premium finance lending business soley through outside firms that

4

act as insurance agents or brokers and that Colesons was authorized to select First for premium financing. Minimally, First's and Coleson's method of business establishes that Coleson acted as an intermediary.

Furthermore, the exclusion includes loss caused by not only a finder or intermediary but also any other "agent", "broker", or "other representative of the same general character of the ASSURED." Assuming arguemendo, that Colesons was not a finder or intermediary, the exclusion would still apply because First concedes that it only does business through outside firms that act as insurance agents or brokers, and First's admitted method of business with Colesons would constitute an "other representative of the same general character of [First]."

First's declaratory judgment and breach of contract claims are dismissed because coverage is excluded pursuant to Section 3.m of the Bond. In addition, First's bad faith claim pursuant to § 155 of the Illinois Insurance Code is also dismissed because First has failed to make a preliminary showing of a legitimate claim for coverage. *Prisco Serna Sturm Architects v. Liberty Mut. Ins. Co.*, 126 F.3d 886, 894 (7th Cir. 1997).

For the reasons stated above, Federal's Motion to Dismiss is granted without prejudice as to all counts. Plaintiff is granted leave to file an amended complaint within 14 days of this order if plaintiff can do so consistent with its obligations under Fed. R.Civ.Proc. 11.

Dated: 6/26/01

JOHN W. DARRAH
United States District Judge

5